# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| DAVID SANCHEZ, <br> SANCHEZ INVESTMENTS, LLC, <br><br> and <br><br> AJ REAL ESTATE INVESTMENTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BRANSON, MISSOURI, <br> a municipal corporation; <br><br> SOLON MCGEE, <br> in his individual and official <br> capacity as City Attorney; <br><br> NORMAN TEED, in his individual <br> and official capacity as Building <br> Services Supervisor; <br><br> KIRK STANDRIDGE, in his individual <br> and official capacity as <br> Building Inspector; <br><br> DARIN PATTERSON, in his individual <br> and official capacity as Fire Inspector; <br><br> and DOES 1-10, <br> Defendants. | Case No. _____ |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiffs David Sanchez, Sanchez Investments, LLC, and AJ Real Estate Investments, LLC, by and through their attorney, and for their Complaint against Defendants state:

1

## JURISDICTION AND VENUE

**1.** This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

**2.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the events giving rise to this action occurred in this judicial district.

## PARTIES

**3.** Plaintiff David Sanchez is an individual and resident of Hudson, Colorado, who owns and operates commercial real estate investments including the property that is the subject of this lawsuit.

**4.** Plaintiff Sanchez Investments, LLC is a limited liability company organized under Colorado law with its principal place of business in Hudson, Colorado.

**5.** Plaintiff AJ Real Estate Investments, LLC is a limited liability company organized under Colorado law with its principal place of business in Brighton, Colorado.

**6.** Defendant City of Branson, Missouri ("City") is a municipal corporation organized under Missouri law, located in Taney County, Missouri.

**7.** Defendant Solon McGee is sued in his individual and official capacities as City Attorney for the City of Branson, and at all relevant times was acting under color of state law.

**8.** Defendant Norman Teed is sued in his individual and official capacities as Building Services Supervisor for the City of Branson, and at all relevant times was acting under color of state law.

**9.** Defendant Kirk Standridge is sued in his individual and official capacities as Building Inspector for the City of Branson, and at all relevant times was acting under color of state law.

**10.** Defendant Darin Patterson is sued in his individual and official capacities as Fire Inspector for the City of Branson, and at all relevant times was acting under color of state law.

**11.** Defendants Does 1-10 are employees, agents, or officials of the City of Branson whose identities are currently unknown to Plaintiffs but who participated in the conduct alleged herein.

## FACTUAL ALLEGATIONS

**12.** Plaintiffs own the Family Inn, located at 208 S. Old County Road, Branson, Missouri, Parcel ID# 08-9.0-32-003.020-006.000 ("Property").

**13.** The Property has been operating as an apartment complex since it was built in 1971, providing long-term housing for approximately 30 tenants, including families with children.

**14.** The Property is zoned "High Density Residential" and is listed on multiple real estate websites including Zillow, Apartments.com, Realtor.com, and Trulia as apartments for rent.

**15.** The Property does not allow nightly stays; all tenants must sign long-term leases, distinguishing it from a hotel or lodging facility.

**16.** When Plaintiffs purchased the Property in 2023, it was their understanding based on representations from the City and prior operations that the Property was properly zoned and permitted for apartment use.

**17.** The City has issued multiple permits and certificates of completion for the Property, including:

- Permit BD23-000833 for pool drainage work (completed February 6, 2024)
- Permit BD24-000256 for code violation repairs (completed June 18, 2024)

**18.** In 2024, the City conducted comprehensive inspections of the Property through Building Safety Inspectors Norman Teed and Kirk Standridge, along with Fire Inspector Darin Patterson.

**19.** Following these inspections, Plaintiffs complied with all requested corrections and the City issued Certificates of Completion indicating the Property was "in compliance" with City codes.

**20.** Kirk Standridge signed off on the final property inspection in 2024, and violations were cleared from the City's computer system.

**21.** Plaintiffs entered into a contract to sell the Property to a qualified buyer (the "Sale Contract").

**22.** The buyer obtained financing contingent upon resolution of any title issues and compliance with local regulations.

**23.** In connection with the sale, the buyer's lender requested confirmation that the Property had proper certificates of occupancy or that such certificates were not required.

**24.** Beginning in early 2025, when Plaintiffs and their representatives contacted the City for clarification on certificate of occupancy requirements, the City began a pattern of arbitrary, inconsistent, and obstructive conduct.

**25.** Initially, City officials indicated that a Certificate of Occupancy was required for the sale to proceed.

**26.** When Plaintiffs' attorney sent a formal letter dated May 29, 2024, requesting clarification and seeking finalization of inspections, the City failed to respond appropriately.

**27.** On multiple occasions in May and June 2025, Plaintiffs requested meetings with City officials to resolve the uncertainty, offering to fly to Branson on 24-hour notice.

**28.** The City repeatedly failed to respond to meeting requests or provide clear guidance on what specific permits or documents were needed.

**29.** Different City departments and officials gave conflicting information, with some direct inquiries to the Planning Department and others to the City Attorney's office.

**30.** City Attorney McGee demonstrated unprofessional conduct, including hanging up on parties seeking information and creating additional bureaucratic obstacles.

**31.** On June 10, 2025, after months of delay and obstruction, the City suddenly reversed course and decided that no Certificate of Occupancy was needed.

**32.** Even after this reversal, the City continued to claim that certain permits needed to be "closed out" but refused to specify exactly which permits or what steps were required.

**33.** As a direct result of the City's conduct, the buyer's lender has refused to fund the transaction, considering the City's unclear position on permits and certificates a "cloud on the title."

**34.** The buyer has become increasingly anxious about the delays and uncertainty created by the City's obstruction.

**35.** Plaintiffs has offered to establish an escrow account of $25,000 to $50,000 to cover any potential permit costs, reducing their proceeds from the sale.

**36.** Plaintiffs have incurred substantial costs flying to Missouri for meetings, legal fees, and lost opportunities.

**37.** The continuing delay jeopardizes the entire sale and has damaged Plaintiffs' business relationships and reputation.

**38.** Upon information and belief, the City of Branson has engaged in similar arbitrary enforcement actions against other property owners, creating a pattern of constitutional violations.

**39.** The City's conduct demonstrates deliberate indifference to property owners' constitutional rights and established municipal policies that encourage such violations.

**COUNT I - VIOLATION OF 42 U.S.C. § 1983**

**SUBSTANTIVE DUE PROCESS**

(Against All Defendants)

**40.** Plaintiffs reallege and incorporate by reference all previous allegations.

**41.** Defendants, acting under color of state law, have deprived Plaintiffs of their constitutional rights secured by the Fourteenth Amendment to the United States Constitution.

**42.** Defendants' arbitrary, inconsistent, and obstructive conduct regarding permit and certificate requirements shocks the conscience and violates substantive due process.

**43.** The City's changing requirements, failure to provide clear standards, and refusal to respond to reasonable requests lacks any rational basis and serves no legitimate government purpose.

**44.** Defendants' conduct was so egregious and arbitrary as to constitute a violation of Plaintiffs' fundamental right to due process of law.

## COUNT II - VIOLATION OF 42 U.S.C. § 1983

## PROCEDURAL DUE PROCESS

(Against All Defendants)

**45.** Plaintiffs reallege and incorporate by reference all previous allegations.

**46.** Defendants have deprived Plaintiffs of property rights without due process of law by failing to provide adequate notice of requirements and failing to provide meaningful opportunity to be heard.

**47.** The City's refusal to specify permit requirements, failure to respond to meeting requests, and arbitrary enforcement denied Plaintiffs fundamental procedural protections.

**48.** Plaintiffs have a protected property interest in their ability to sell the Property and receive the benefit of their bargain.

**49.** Defendants' conduct deprived Plaintiffs of this property interest without constitutionally adequate process.

### COUNT III - VIOLATION OF 42 U.S.C. § 1983

### REGULATORY TAKING WITHOUT JUST COMPENSATION

(Against All Defendants)

**50.** Plaintiffs reallege and incorporate by reference all previous allegations.

**51.** Defendants' conduct constitutes a regulatory taking of Plaintiffs' property in violation of the Fifth and Fourteenth Amendments.

**52.** By preventing the sale of the Property through arbitrary permit requirements, Defendants have effectively denied Plaintiffs all economically viable use of their property.

**53.** The City's conduct interferes with Plaintiffs' distinct investment-backed expectations in purchasing and operating the Property as apartments.

**54.** Defendants have taken Plaintiffs' property for no legitimate public purpose and without just compensation.

### COUNT IV - VIOLATION OF 42 U.S.C. § 1983

### EQUAL PROTECTION

(Against All Defendants)

**55.** Plaintiffs reallege and incorporate by reference all previous allegations.

**56.** Defendants have treated Plaintiffs differently from similarly situated property owners without rational basis, violating equal protection under the Fourteenth Amendment.

**57.** The City's selective and arbitrary enforcement against Plaintiffs while allowing other properties to operate under similar circumstances demonstrates discriminatory treatment.

**58.** No legitimate government interest justifies the disparate treatment Plaintiffs have received.

## COUNT V - TORTIOUS INTERFERENCE WITH CONTRACT

### (STATE LAW CLAIM)

(Against All Defendants)

**59.** Plaintiffs reallege and incorporate by reference all previous allegations.

**60.** Plaintiffs had a valid and enforceable contract for the sale of the Property.

**61.** Defendants knew of the existence of the Sale Contract through communications with the buyer's representatives and Plaintiffs' counsel.

**62.** Defendants intentionally interfered with the Sale Contract by creating artificial obstacles, refusing to clarify permit requirements, and making inconsistent statements about certificate requirements.

**63.** Defendants' interference was improper and without justification.

**64.** As a direct and proximate result of Defendants' interference, the Sale Contract has been jeopardized, causing damages to Plaintiffs.

## COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (STATE LAW CLAIM)

(Against All Defendants)

**65.** Plaintiffs reallege and incorporate by reference all previous allegations.

**66.** Defendants' conduct was extreme and outrageous, exceeding all bounds of decency and utterly intolerable in a civilized society.

**67.** Defendants' arbitrary obstruction of a legitimate business transaction, refusal to provide basic government services, and deliberate creation of uncertainty was intended to cause, or was substantially certain to cause, severe emotional distress.

**68.** Plaintiffs have suffered severe emotional distress as a result of Defendants' conduct.

## COUNT VII - CONSPIRACY TO VIOLATE CIVIL RIGHTS

### 42 U.S.C. § 1985

(Against All Defendants)

**69.** Plaintiffs reallege and incorporate by reference all previous allegations.

**70.** Defendants conspired among themselves to deprive Plaintiffs of their civil rights through coordinated arbitrary enforcement actions.

**71.** The conspiracy was motivated by class-based animus against out-of-state property investors.

**72.** Defendants took overt acts in furtherance of the conspiracy, including coordinated refusal to provide information and deliberate obstruction of the sale.

**73.** Plaintiffs were injured as a direct result of the conspiracy.

## COUNT VIII - VIOLATION OF MISSOURI CONSTITUTION

## ARTICLE I, SECTIONS 10 AND 26

(Against All Defendants)

**74.** Plaintiffs reallege and incorporate by reference all previous allegations.

**75.** Defendants' conduct violates Article I, Section 10 of the Missouri Constitution (due process) and Article I, Section 26 (taking of property without just compensation).

**76.** The Missouri Constitution provides independent grounds for relief from Defendants' arbitrary conduct.

## COUNT IX - MUNICIPAL LIABILITY

## MONELL CLAIM

(Against City of Branson)

**77.** Plaintiffs reallege and incorporate by reference all previous allegations.

**78.** The City of Branson is liable under Monell v. Department of Social Services for maintaining policies, practices, and customs that caused the constitutional violations alleged herein.

**79.** The City has failed to adequately train its employees regarding property owners' constitutional rights.

**80.** The City has adopted or maintained policies that encourage arbitrary enforcement actions against property owners.

**81.** The constitutional violations resulted from the City's deliberate indifference to the need for additional training or supervision.

## COUNT X - DECLARATORY JUDGMENT

**82.** Plaintiffs reallege and incorporate by reference all previous allegations.

**83.** An actual controversy exists between the parties regarding the permit and certificate requirements for the Property.

**84.** Plaintiffs seek a declaratory judgment that:

- No Certificate of Occupancy is required for the Property
- All permits on the owners portal have been properly issued and completed
- The Property is in full compliance with all applicable City codes
- The Sale Contract may proceed without further City obstruction

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

**A.** Issue a declaratory judgment as requested in Count X;

**B.** Issue preliminary and permanent injunctive relief prohibiting Defendants from:

1. Requiring additional permits or certificates not specifically identified and justified
2. Interfering with the sale of the Property
3. Imposing arbitrary or inconsistent permit requirements

**C.** Award compensatory damages in an amount to be proven at trial, including but not limited to:

1. Lost profits from delayed sale
2. Loss of Rents
3. Additional costs and expenses incurred
4. Loss of unnecessary repairs
5. Diminution in property value
6. Legal fees and costs
7. Personal stress and anxiety

**D.** Award punitive damages against individual Defendants for their willful violations of constitutional rights;

**E.** Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law;

**F.** Award pre- and post-judgment interest as allowed by law;

**G.** Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Kristi S. Fulnecky*

Kristi S. Fulnecky, MO Bar # 59677

FULNECKY LAW, LLC
2627 W Republic Rd., Ste. A-108 Springfield, MO 65807
417-882-1044 phone
kristi@fulneckylaw.com

ATTORNEY FOR PLAINTIFF

## VERIFICATION

I, David Sanchez, declare under penalty of perjury that I have read the foregoing Complaint and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Date: 6-25-25

_David Sanchy_
David Sanchez

State of Colorado )
) ss.
County of Adams )

_David Sanchez_, of lawful age, being duly sworn on oath, states that she is the Plaintiff named above and that the facts stated in the petition are true according to her best knowledge and belief.

Subscribed and sworn to before me this 25th day of June, 2025

My commission expires: 01/11/2027

_____
Notary Public

YULIANA SUYAY MURILLO
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20234001443
MY COMMISSION EXPIRES 01/11/2027

## VERIFICATION

I, Aaron Heap, declare under penalty of perjury that I have read the foregoing Complaint and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Date: 6-25-25

_____
Aaron Heap

State of  Colorado   )
                     )  ss.
County of Adams      )

_Aaron Heap_____, of lawful age, being duly sworn on oath, states that he is the Plaintiff named above and that the facts stated in the petition are true according to her best knowledge and belief.

Subscribed and sworn to before me this 25th day of June, 2025.

My commission expires: 01/11/2025

_____
Notary Public

YULIANA SUYAY MURILLO
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20234001443
MY COMMISSION EXPIRES 01/11/2027

16