IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID SANCHEZ et. al.,** | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. **6:25-cv-03179-MDH** |
| **CITY OF BRANSON, MISSOURI et. al.,** | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. (Doc. 8). Plaintiffs have filed suggestions in opposition (Doc. 13) and Defendants have replied (Doc. 14). Thus, the matter is now ripe for adjudication. For reasons set forth herein, Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

### BACKGROUND

Plaintiffs have owned the Family Inn, located at 208 S. Old County Road, Branson, Missouri, Parcel ID# 08-9.0-32-003.020-006.000 ("Property") since 2023. The Property has been operating as an apartment complex since it was built in 1971, providing long-term housing for approximately 30 tenants. The Property is zoned "High Density Residential" and is listed on multiple real estate websites listing apartments for rent. The Property does not allow nightly stays; all tenants must sign long-term leases.

When Plaintiffs purchased the Property in 2023, it was their understanding based on representations from the City and prior operations that the Property was properly zoned and permitted for apartment use. The City has issued permits and certificates of completion for the

Property, including: Permit BD23-000833 for pool drainage work (completed February 6, 2024) and Permit BD24-000256 for code violation repairs (completed June 18, 2024).

In 2024, the City conducted comprehensive inspections of the Property through Building Safety Inspectors Norman Teed and Kirk Standridge, along with Fire Inspector Darin Patterson. Following these inspections, Plaintiffs complied with all requested corrections and the City issued Certificates of Completion indicating the Property was "in compliance" with City codes. Kirk Standridge signed off on the final property inspection in 2024, and violations were cleared from the City's computer system.

Plaintiffs entered a contract to sell the Property to a qualified buyer. The buyer obtained financing contingent upon resolution of any title issues and compliance with local regulations. In connection with the sale, the buyer's lender requested confirmation that the Property had proper certificates of occupancy or that such certificates were not required. Beginning in early 2025, Plaintiffs and their representatives contacted the City for clarification on certificate of occupancy requirements. Initially, City officials indicated that a Certificate of Occupancy was required for the sale to proceed. Plaintiffs' attorney sent a formal letter dated May 29, 2024[1], requesting clarification and seeking finalization of inspections. Plaintiffs allege the City failed to respond appropriately.

In May and June 2025, the Plaintiffs made multiple attempts to meet with Branson City officials to resolve ongoing uncertainty regarding permitting requirements, even offering to travel to Branson on 24-hour notice. Despite these efforts, the City allegedly repeatedly failed to respond or provide clear guidance on what specific permits or documents were necessary. Plaintiffs assert

---

[1] The Complaint states 2024, but based on the chronology of the facts, the Court assumes Plaintiffs mean 2025.

conflicting information was given by various departments, including the Planning Department and the City Attorney's office. City Attorney McGee reportedly engaged in "unprofessional" conduct, such as hanging up on individuals seeking information and introducing additional bureaucratic hurdles. On June 10, 2025, the City reversed its position stating that a Certificate of Occupancy was no longer required. After this reversal, the City allegedly continued to insist that certain permits needed to be "closed out," while refusing to clarify which permits were involved or what steps were necessary to complete the process.

The buyer's lender has refused to fund the transaction citing the City's unclear position on permits and certificates as a "cloud on the title." Plaintiffs allege the buyer has become increasingly anxious about the delays and uncertainty created by the City's behavior. Plaintiffs have offered to establish an escrow account of $25,000 to $50,000 to cover any potential permit costs, reducing their proceeds from the sale. Plaintiffs assert the continuing delay jeopardizes the entire sale and has damaged Plaintiffs' business relationships and reputation.

Plaintiffs allege the City of Branson has engaged in similar "arbitrary enforcement actions" against other property owners, creating a pattern of "constitutional violations." Plaintiffs assert 9 causes of action against Defendants based on the actions of Defendants.

**STANDARD**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The

3

complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

### I. Count I - Violation of 42 U.S.C. § 1983 Substantive Due Process

Count I is a Substantive Due Process claim based on violations of 42 U.S.C. § 1983 stemming from Defendants allegedly depriving Plaintiffs of their Constitutional rights by "arbitrary, inconsistent, and obstructive conduct regarding permit and certificate requirements [that shock] the conscience." (Compl. ¶ 42). Plaintiffs argue that "the City's changing requirements, failure to provide clear standards, and refusal to respond to reasonable requests lacks any rational basis and serves no legitimate government purpose" and that "Defendants' conduct was so egregious and arbitrary as to constitute a violation of Plaintiffs' fundamental right to due process of law." (Compl. ¶¶ 43-44). Defendants argue that Plaintiffs fail to identify a fundamental right and fail to plead conduct that shocks the conscience.

"Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated." *Riley v. St. Louis Cnty. of Mo.,* 153 F.3d 627, 630 (8th Cir. 1998). "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Id.* at

630-631. There are two different ways in which a substantive due process claim can be stated: 1) when "the state infringes 'fundamental' liberty interests without narrowly tailoring that infringement to serve a compelling state interest" or 2) when the state engages in actions which "shock the conscience or offend judicial notions of fairness or human dignity." *Id.*

For purposes of resolving the motion to dismiss, the Court accepts as true Plaintiff's factual allegations about Defendants' conduct and draws all reasonable inferences in favor of Plaintiffs. Plaintiffs appear to allege deprivation of property due to Defendants' actions. Plaintiffs and buyer entered a Sale Contract where buyer would take ownership of the Property. (Compl. ¶ 21). The buyer obtained financing contingent upon resolution of any title issues and compliance with regulations. (Compl. ¶ 22). The conduct which Plaintiffs complain about consists of Defendants' alleged failure to respond to meeting requests, giving of conflicting information, and hanging up on parties. *Id*. at ¶¶ 24-32. Plaintiffs allege that "as a direct result of the City's conduct, the buyer's lender has refused to fund the transaction, considering the City's unclear position on permits and certificates a "cloud on the title." (Compl. ¶ 33). The Court infers from Plaintiffs' version of the events that they allege a fundamental liberty interest in their property is being infringed upon by Defendants. As Plaintiffs have pled facts that show a protected property interest, Defendants' Motion to Dismiss Count I is **DENIED**.

## II. Count II - Violation of 42 U.S.C. § 1983 Procedural Due Process

"A procedural due process claim consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process." *Reed v. Goertz,* 598 U.S. 230, 236 (U.S. 2023).

5

Case 6:25-cv-03179-MDH    Document 20    Filed 10/14/25    Page 5 of 11

As explained above, Plaintiffs have pled facts that show a protected property interest. The Court further finds that Plaintiffs have pled facts that allow the Court to infer inadequate state process at the motion to dismiss stage. Thus, Defendant's Motion to Dismiss Count II is **DENIED**.

**III.    Count III - Violation of 42 U.S.C. § 1983 Regulatory Taking Without Just Compensation**

A regulatory taking occurs when a regulation "denies all economically beneficial or productive use of land." *Lucas* v. S.C. *Coastal Council,* 505 U.S. 1003, 1015 (U.S. 1992). In evaluating whether a regulation that does not deny all economically beneficial use of the land nonetheless amounts to a taking, a Court will evaluate (1) the economic impact of the regulation, (2) the extent to which the regulation interferes with distinct investment-backed expectations, and (3) the character of the governmental action. *Penn Cent. Transp. Co.* v. *City of New* York, 438 U.S. 104, 130-31, 98 S.Ct. 2646, 2662, 57 L. Ed. 2d 631 (1978).

Plaintiffs have pled facts Plaintiffs that allege the Defendants implemented "arbitrary permit requirements." (Compl. 52). Plaintiffs claim these "arbitrary" requirements deny them all economically viable use of their property. *Id*. At the motion to dismiss stage, the Court accepts the allegations contained in the complaint as true and draws all reasonable inferences in favor of the Plaintiff. In this case, the Court finds Plaintiffs' factual allegations to be sufficient to raise a right to relief above the speculative level. For the reasons stated, Defendants' Motion to Dismiss Count III as a regulatory taking is **DENIED**.

**IV.    Count VIII - Violation of Missouri Constitution Article I, Sections 10 and 26**

Plaintiffs' Count VIII is duplicitous of Counts I-III. For the reasons stated in the previous sections, Defendants' Motion to Dismiss Count VIII is **DENIED**.

V.     **Count IV - Violation of 42 U.S.C. § 1983 Equal Protection**

"The Equal Protection Clause generally requires the government to treat similarly situated people alike." *In re Kemp,* 894 F.3d 900, 909 (8th Cir. 2018). "Thus, the first step in an equal protection case is determining whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her." *Id*. Plaintiffs must demonstrate that they are a member of a protected class and must demonstrate Defendants "systematically and intentionally treated [them] differently from others similarly situated and that there is no rational basis for the difference in treatment." *Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2008). "A class-of-one plaintiff must therefore provide a specific and detailed account of the nature of the preferred treatment of the favored class[.]" *Id*. at 990.

In support of their Equal Protection claim, Plaintiffs allege that "Defendants have treated Plaintiffs differently than similarly situated property owners without rational basis[.]" (Compl. ¶56). That is as far as their allegations go. Plaintiffs do not give any instances of when or how Defendants treated Plaintiffs differently, nor do they demonstrate a similarly situated comparator. This statement is more akin to threadbare recital of the elements of an Equal Protection action and is insufficient to meet the pleadings standards under *Iqbal* and *Twombly*. Plaintiffs do argue that "the City of Branson has engaged in similar arbitrary enforcement actions against other property owners, creating a pattern of constitutional violations." (Compl. ¶38). This allegation is in direct conflict with the premise of an Equal Protection claim that one be treated differently than another who is similarly situated. Thus, Defendants' Motion to Dismiss Count IV is **GRANTED**.

## VI. State Law Claims (Count V - Tortious Interference with Contract and Count VI - Intentional Infliction of Emotional Distress)

"The doctrine of official immunity insulates state employees from suit in their individual capacities when liability arises from discretionary acts or omissions of a state employee." *Betts-Lucas v. Hartmann,* 87 S.W.3d 310, 327 (Mo. Ct. App. 2002). "Under Missouri law, a plaintiff must plead facts establishing an exception to official immunity." *Harmon v. Preferred Fam. Healthcare, Inc.,* 125 F.4th 874, 886 (8th Cir. 2025). "Absent these allegations, the pleadings are insufficient to state a claim which is not barred by the doctrine of official immunity as a matter of law." *Id.* "Specifically, a plaintiff must plead (1) the existence of a statutory or departmentally mandated duty, and (2) breach of that duty." *Id*. Here, Plaintiffs have failed to plead the existence of a statutory or departmentally mandated duty and a subsequent breach of that duty. Thus, official immunity blocks all state law claims against the individual defendants and Defendants' Motion to Dismiss is **GRANTED** as to the state law claims against the individual Defendants.

"Sovereign immunity applies to the government and its political subdivisions unless waived or abrogated or the sovereign consents to suit." *City of Harrisonville v. Bd. Of Trs. Of Mo Petroleum Storage Tank Ins. Fund,* 655 S.W.3d 770, 774 (Mo. banc 2022). "In the absence of an express statutory exception or recognized common-law exception, sovereign immunity is the rule and applies to all suits against public entities." *Id.* "To overcome the general rule of sovereign immunity, a plaintiff must show the legislature expressly intended to waive sovereign immunity." *Id.* Absent such facts, sovereign immunity applies. Plaintiffs' Complaint with respect to state law claims against the City of Branson is deficient as a matter of law, and therefore all state law tort claims against the City of Branson will be dismissed. Defendants' Motion to Dismiss is **GRANTED** as to the state law claims against the City of Branson.

Due to the doctrines of official and sovereign immunity, Count V - Tortious Interference with Contract and Count VI - Intentional Infliction of Emotional Distress, are both dismissed in their entirety as to all Defendants. Therefore, Defendants' Motion to Dismiss Counts V and VI is **GRANTED**.

**VII.     Count VII - Conspiracy to Violate Civil Rights 42 U.S.C. § 1985**

"In order to state a claim for conspiracy under § 1985, a plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Torres* v. *City of St. Louis,* 39 F.4th 494, 506 (8th Cir. 2022). "[A]llegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action." *Nelson* v. *City of McGehee,* 876 F.2d 56, 59 (8th Cir. 1989). Plaintiffs' allegations come nowhere near particular and specific. As demonstrated throughout, their entire Complaint is littered with conclusory allegations that are akin to threadbare recitations of the causes of action. For example, Plaintiffs allege "Defendants conspired among themselves to deprive Plaintiffs of their civil rights through coordinated arbitrary enforcement actions (Compl. § 70) but give no more to prove the conspiracy than "different City departments and officials gave conflicting information[.]" (Compl. § 29). This does not come close to showing that Defendants reached an agreement. Thus, Plaintiffs' claim for Conspiracy to Violate Civil Rights under 42 U.S.C. § 1985 fails.

Count VII also fails as a matter of law because the intracorporate immunity doctrine applies. "[A] local government entity cannot conspire with itself through its agents acting within the scope of their employment, even if the plaintiff alleges improprieties in the execution of these duties[.]" *Torres,* 39 F.4th 494 at 506-507. Plaintiffs claim Branson conspired with itself through its agents in the course and scope of their employment. The 8th Circuit has clearly stated that

9

scenario does not support a § 1985 cause of action. *See, Id.* at 506.

For the reasons stated, Defendants' Motion to Dismiss Count VII is **GRANTED**.

**VIII. Count IX - Municipal Liability Monell Claim (Against City of Branson)**

"[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents." *Monell* v. *Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 694 (U.S. 1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* In order to maintain a *Monell* claim, a plaintiff must prove that their constitutional rights were violated "by an action pursuant to official municipal policy or misconduct so pervasive among non-policymaking employees of the municipality as to constitute a 'custom or usage' with the force of law." *Ware v. Jackson Cnty, Mo.,* 150 F.3d 873, 880 (8th Cir. 1998).

"Official policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who is determined by state law to have the final authority to establish governmental policy." *Id.* "Custom or usage" is demonstrated by showing: "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) the plaintiffs' injury by acts pursuant to the governmental entity's custom[.]" *Id*.

Beginning in early 2025, Plaintiffs and their representatives contacted the City for clarification on certificate of occupancy requirements. Initially, City officials indicated that a Certificate of Occupancy was required for the sale to proceed. Plaintiffs' attorney sent a formal

letter dated May 29, 2025 requesting clarification and seeking finalization of inspections. Plaintiffs allege the City failed to respond appropriately. In May and June 2025, the Plaintiffs made multiple attempts to meet with Branson City officials to resolve ongoing uncertainty regarding permitting requirements. Despite these efforts, the City allegedly repeatedly failed to respond or provide clear guidance on what specific permits or documents were necessary

At the motion to dismiss stage, accepting Plaintiffs' allegations as true, Plaintiffs have sufficiently alleged facts that allow the Court to draw an inference of misconduct so pervasive among non-policymaking employees of the municipality as to constitute a 'custom or usage.'

Thus, Defendants' Motion to Dismiss Count IX is **DENIED**.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss for Failure to State a Claim is **GRANTED** in part and **DENIED** in part.

Defendants' Motion to Dismiss Count I, II, III, VIII, IX is hereby **DENIED**.

Defendants' Motion to Dismiss Count IV, V, VI, VII is hereby **GRANTED**.

**IT IS SO ORDERED**.
DATED: October 14, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**